**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NATHAN SANFORD,

    Plaintiff

v.

CHRISTOPHER JOSEPH, et al.,

    Defendants

Case No.: 3:25-cv-00702-MMD-CSD

**Order**

Re: ECF No. 4, 4-1

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and a pro se complaint (ECF No. 4-1).[1]

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

---

[1] Plaintiff filed a complaint with his second IFP application, which slightly differs from the original complaint. It is the second complaint the court now screens.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that, as of February 20, 2026, his average monthly balance for the prior six months was $28.00, and his average monthly deposits were $215.52. However, his current account balance, as of that date, was $0.

2

Plaintiff's application to proceed IFP will be granted, but the court will not require payment of an initial partial filing fee. Whenever Plaintiff's prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

**I. SCREENING**

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts violations of his Fourth and Fourteenth Amendment rights, as well as retaliation, against Defendants RSCU Officers Christopher Joseph, Parson, Tone, and Canterbury, and WCSO Sean Smith. The complaint alleges that Joseph lied under oath to obtain a search warrant for two residences not

4

leased to or connected to Plaintiff, and then arrested and filed charges against Plaintiff based on the discovery of a firearm at the second residence, a trailer. Plaintiff alleges that the other defendants conspired with Joseph to harass Plaintiff in this manner. (ECF No. 4-1 at 2-3.)

Plaintiff alleges unlawful arrest in violation of the Fourth Amendment and a Fourteenth Amendment due process violation, as well as "retaliation," in each of his claims. Claim 1 asserts that on January 1, 2024, Joseph lied to a Justice Court judge by saying he had evidence that Plaintiff had committed domestic violence and that there was a warrant out for Plaintiff's arrest. In fact, the alleged victim, Mrs. Foster, never called 911 or made a police report, and no arrest warrant existed. Joseph arrested Plaintiff based on the discovery of a gun in the trailer and filed frivolous gun charges against him that were dismissed after about eight months. (ECF No. 4-1 at 3.) Claims 2 and 3 assert that Parson, Tone, Canterbury and Smith executed the offending search with Joseph and failed to make sure the search warrant was legal before participating. (ECF No. 4-1 at 4-5.)

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated and

provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. An unlawful search in violation of the Fourth Amendment may occur in:

> one of two ways. First, under the common-law trespassory test, a search occurs when the government physically occupies private property for the purpose of obtaining information, while engaging in conduct not explicitly or implicitly permitted by the property owner. Second, under the reasonable-expectation-of-privacy test, a search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable. Both tests exist side by side and either test can be used to determine whether a search took place. And if either test is satisfied, absent a warrant or consent or exigent circumstances, the search is unreasonable under the Fourth Amendment.

*Chong v. United States*, 112 F.4th 848, 855–56 (9th Cir. 2024), *cert. denied sub nom. Tran v. United States*, 145 S. Ct. 1218 (2025) (internal citations and punctuation omitted). If a warrant was issued but "obtained by 'judicial deception,'" the Fourth Amendment is violated if the plaintiff makes "'(1) a 'substantial showing' of deliberate falsehood or reckless disregard for the truth, and (2) establish[es] that but for the dishonesty, the challenged action would not have occurred.'" *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002); *see also Whitaker v. Garcetti*,

486 F.3d 572, 581 (9th Cir. 2007) ("'A seizure,' or arrest, 'conducted pursuant to a warrant obtained by judicial deception violates the Fourth Amendment.'").

"A claim for unlawful arrest is cognizable under § 1983 . . . provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

Malicious prosecution may also be alleged under the Fourth Amendment; the gravamen such a claim "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail on this claim, "a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Plaintiff must also show "that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39 (2022). A "malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure." *Chiaverini*, 602 U.S. at 564.

As the court understands Plaintiff's claim, he was arrested on "frivolous gun charges" after police officers searched two residences, neither of which were his, based on a warrant obtained through judicial deception, and found a gun in the second residence. The charges were later dismissed. As alleged, the complaint does not state a viable claim for relief.

First, Plaintiff does not assert a claim of unlawful search. Nor is it clear that he could, given that he appears to assert he had no connection to either place searched. "To have standing to challenge an illegal search, 'a defendant must show that he personally had a property interest protected by the Fourth Amendment that was interfered with' [or that] he had 'a reasonable expectation of privacy that was invaded by the search.'" *Chong*, 112 F.4th at 862. "Generally, 'an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not.' *Minnesota v. Carter*, 525 U.S. 83, 90, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (denying Fourth Amendment protection to visitors who had gathered to package and distribute drugs)." *Id.* at 862–63. Plaintiff's complaint is devoid of allegations establishing standing to contest the search that was conducted pursuant to the allegedly defective warrant, and thus does not state a claim for an unlawful search in violation of the Fourth Amendment.

Second, if Plaintiff's claim is, as it appears to be, that his rights were violated because he was arrested based on evidence obtained through an unlawful search – a "fruit-of-the-poisonous tree" argument -- Ninth Circuit case law forecloses such a claim. *See Lingo v. City of Salem*, 832 F.3d 953, 958-59 (9th Cir. 2016) (holding that the exclusionary rule and related fruit-of-the-poisonous tree doctrine do not apply in § 1983 proceedings). In fact, the Supreme Court has "emphasized repeatedly that the governments' use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution." *Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 362 (1998).

Third, to the extent Plaintiff may otherwise intend to assert false arrest and/or malicious prosecution, Plaintiff does not identify precisely what charges were brought against him after the discovery of the gun, nor does he allege that the defendants lacked probable cause to arrest and

charge him – much less facts in support of that assertion. It is therefore necessary for Plaintiff to explain why the officers lacked probable cause, if that is fact in what he is alleging.

Fourth, Plaintiff marked the box for "retaliation" in the form complaint, but he does not allege any facts to support such a claim. A claim of retaliation under the First Amendment requires the Plaintiff to "plausibly allege that (1) []he engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020).

The complaint does not contain any facts supporting a claim that Plaintiff engaged in any constitutionally protected activity, that Defendants' actions would chill a person of ordinary firmness from continuing the protected activity, or that the protected activity was the motivating factor in Defendants' conduct. The complaint therefore does not state a colorable First Amendment retaliation claim.[2]

Fifth, Plaintiff alleges a violation of his Fourteenth Amendment due process rights. To the extent Plaintiff's claims are predicated upon his arrest, the Fourth Amendment – not the Fourteenth – applies to his claim. *See Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Bunton v. City of Mendota Police Chief*, No. 1:23-CV-00211-SAB, 2023 WL 2898532, at *7–8 (E.D. Cal. Mar. 9, 2023). To the extent this claim is based on anything else, it

---

[2] It appears to be an open question whether a claim of retaliation may be pursued under the Fourteenth Amendment, but even assuming such a claim exists, Plaintiff's complaint fails to contain facts to support such a claim, and at any rate the claim would likely be subject to dismissal on qualified immunity grounds. *See Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F. Supp. 3d 1267, 1278 (N.D. Cal. 2022); *Ballou v. McElvain*, No. C19-05002-DGE, 2022 WL 3082739, at *2 (W.D. Wash. Aug. 3, 2022).

is lacking in facts to support a claim of either procedural due process or substantive due process violation.[3]

Finally, four of the five defendants Plaintiff names (all but Defendant Joseph) are alleged to have violated Plaintiff's rights by not confirming that the search warrant was "legal and binding" before participating in its execution. Plaintiff alleges no actions of these defendants beyond their participation in the search, other than a conclusory assertion that they "conspired" with Joseph to harass Plaintiff. Even assuming Plaintiff has standing to pursue a Fourth Amendment unlawful search claim, Plaintiff makes no allegation that the warrant was invalid on its face; rather, he alleges it was procured through judicial deception. Because Plaintiff does not allege any facts suggesting "these individuals knew or should have known of [the warrant's] defects or that their conduct was otherwise unlawful," *see Butler*, 281 F.3d at 1027, the complaint does not state a claim against Defendants Parson, Tone, Canterbury, and Smith.

The complaint will therefore be dismissed for failure to state a claim. Because it is possible that Plaintiff could amend his complaint to state a viable claim, Plaintiff will be granted leave to amend the complaint.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 4) is **GRANTED**. The court will not require payment of an initial filing fee. However, whenever Plaintiff's prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the

---

[3] "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). A substantive due process claim requires showing both a deprivation of life, liberty, or property, and conscience-shocking behavior by the government. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed or is otherwise unsuccessful. The Clerk must SEND a copy of this Order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

(2) The Clerk will **FILE** the complaint (ECF No. 4-1).

(3) The complaint will be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint curing the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint and include this case number on the complaint. If Plaintiff fails to file an amended complaint within the 30 days, this action may be dismissed.

**IT IS SO ORDERED**.

Dated: March 13, 2026

_____
Craig S. Denney
United States Magistrate Judge

11