UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHAN SANFORD, | Case No.: 3:25-cv-00702-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER JOSEPH, *et al.*, | |
| Defendant. | |

## I.    SUMMARY

On December 3, 2025, *pro se* Plaintiff Nathan Sanford, who is currently incarcerated in the custody of Nevada Department of Corrections, initiated this action by filing a civil rights complaint (ECF No. 4-1 ("Complaint"))[1] under 42 U.S.C. § 1983 against Officers Christopher Joseph, Parson, Tone, and Canterbury, and Sean Smith for events pertaining to the allegedly defective execution of a search warrant and a subsequent unlawful arrest and asserts violations of his Fourth and Fourteenth Amendment rights as well as "retaliation." (ECF Nos. 4-1, 7.) On March 13, 2026, the Court screened and dismissed Sanford's Complaint (ECF No. 4-1) without prejudice for failure to state a claim and granted leave to amend. (ECF No. 7 ("Screening Order") at 10-11.) Sanford has failed to file an amended complaint, and the deadline to do so has since expired. Now, before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 9), recommending the Court dismiss this action without prejudice for failure to state a claim for relief and for failure to file an amended complaint. (ECF No. 9 at 1, 9.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

---

[1]Sanford filed a complaint (ECF No. 4-1) with his second application to proceed *in forma pauperis* ("IFP"), which differs slightly from his original complaint (ECF No. 1-1). The Court screened the second complaint (ECF No. 4-1). (ECF No. 7.)

## II.   DISCUSION

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends dismissal because the Complaint fails to state a colorable claim for relief under 42 U.S.C. § 1983, and Sanford failed to file an amended complaint despite being granted leave to amend. (ECF No. 9.) In particular, the Magistrate Judge first correctly notes that Sanford fails to state an unlawful search claim under the Fourth Amendment because he does not present facts sufficient to establish standing. (*Id.* at 6-7.) That is, because Sanford alleged that neither residence searched was leased or connected to him, he, therefore, fails to demonstrate any protected privacy or property interest required to challenge a government search. (*Id.* at 3, 6-7); *see Chong v. United States*, 112 F.4th 848, 855-56 (9th Cir. 2024).

Judge Denney further correctly concluded that, to the extent Sanford attempts to challenge his arrest based on evidence allegedly obtained through an unlawful search, such a "fruit-of-the-poisonous-tree" theory is not cognizable in a § 1983 action. (*Id.* at 7 (citing *Lingo v. City of Salem*, 832 F.3d 953, 958-59 (9th Cir. 2016).) Moreover, to the extent the Complaint seeks to assert false arrest and/or malicious prosecution claims, it fails to identify the specific charges brought against Sanford or plausibly allege an absence of probable cause.[2] (*Id.*)

As to alleged "retaliation," the Court agrees that Sanford fails to state a retaliation claim because merely checking the box in the form complaint but failing to allege any supporting facts is insufficient. (*Id.*) A claim of retaliation under the First Amendment

[2]A malicious prosecution claim "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail, "a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024).

2

requires a plaintiff to "plausibly allege that (1) []he engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of L.A. by & through L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020). Here, the Complaint contains no allegations that Sanford engaged in constitutionally protected activity or that any such activity motivated Defendants' actions. (*Id.* at 7-8.)

The Magistrate Judge is also correct in its finding that, to the extent Sanford seeks to assert a violation of his Fourteenth Amendment due process rights based upon his arrest, such a claim is legally insufficient because claims arising from allegedly unlawful arrest or detention are governed by the Fourth Amendment. (*Id.* at 8.) Lastly, as Judge Denney explains, Defendants Parson, Tone, Canterbury, and Smith are alleged to have violated Sanford's rights by failing to verify the search warrant's legality before participating in its execution. (*Id.*) However, Sanford asserts only vague and conclusory allegations that these Defendants "conspired" against him without suggesting that they "knew or should have known" of any potential defects. (*Id.* at 9 (citing *Butler v. Elle*, 281 F.3d 1014, 1027 (9th Cir. 2002)).) Having reviewed the R&R, Judge Denney did not clearly err.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 9) is adopted in full.

It is further ordered that Sanford's Complaint (ECF No. 4-1) is dismissed without prejudice.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 18th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3